UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY PATTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:23-cv-01238-JPH-MG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

In 2020, Petitioner Larry Patton was convicted of a firearm offense under 18 U.S.C. § 922(g)(1). On June 2, 2023, Petitioner filed a "Motion to Amend Judgment," dkt. 2, which this Court ordered treated and filed as a motion seeking relief under 28 U.S.C. § 2255. Petitioner amended his motion on August 24, 2023. Both the original and amended motions asserted that he was improperly denied credit time for seven months of pre-sentencing incarceration and that the Bureau of Prisons directed him to this Court to seek relief; the original motion raised this claim as freestanding error and the amended petition framed it as ineffective assistance of counsel. *See* dkts. 2, 4. Neither the original nor amended petitions challenged Petitioner's underlying conviction.

On October 12, 2023, this Court issued an Order directing Petitioner to show cause why his § 2255 petition should not be dismissed as time-barred. Dkt. 5. The Court noted that Petitioner's one-year deadline for filing a § 2255 petition appears to have expired on February 12, 2023, and that Petitioner's petition did not contain any apparent basis for equitable tolling of the filing

1

deadline. *Id.* at p. 2. The Court granted Petitioner until November 6, 2023, to show cause why his motion should not be summarily dismissed as untimely. *Id.* at 3. Petitioner has not responded to this Court's Order to show cause.

However, on November 27, 2023, Petitioner filed a "Motion to Dismiss." Dkt. 6.[1] The motion asserts that his conviction under § 922(g)(1) should be "dismissed" because it violates the Second Amendment as interpreted in *Range v. United States*, 69 F.4th 96 (3rd Cir. 2023) (en banc), and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 (2022). To the extent Petitioner is attempting to raise new grounds for and amend his § 2255 petition, that request is denied. A proposed amendment to a § 2255 petition is governed by Fed. R. Civ. P. 15. Petitioner already has amended his petition once, thus his second proposed amendment is left to the Court's discretion under Rule 15(a)(2). Petitioner's original and amended petitions made no mention of any challenge to his underlying conviction for any reason. For an amended § 2255 petition to relate back to the original petition, there must be a "common core of operative facts" between the original and amended petitions. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). It is not enough that the "trial, conviction, or sentence" are the same. *Id.*

Also, "[a] district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). Here, the Court

---

[1] This motion originally was filed under Petitioner's original criminal proceeding but was ordered re-docketed in this proceeding.

2

notes that under § 2255(f)(3), a petition may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." The Supreme Court's decision in *Bruen* was handed down on June 23, 2022, meaning that even if it allowed a § 2255 petition, a petition based on that decision had to be filed no later than June 23, 2023.[2] Petitioner's "Motion to Dismiss" was not filed until well after that date. Also, the Third Circuit's *Range* decision, applying *Bruen* to a § 922(g)(1) conviction in June 2023, is irrelevant under the plain language of § 2255(f)(3) because it is not a Supreme Court decision. And, Petitioner's new claims do not have a "common core of operative facts" with either his original or amended petitions and cannot be deemed to relate back to his June 2, 2023 filing.

For these reasons, Petitioner's "Motion to Dismiss," dkt. [6], which the Court construes as a request to amend his § 2255 petition, is **denied**. Furthermore, because Petitioner failed to respond to this Court's Order to show cause why his § 2255 petition should not be dismissed, dkt. [5], the petition is now **dismissed** as untimely. Judgment shall now issue and a copy of this Entry **shall be filed** in Petitioner's criminal case, No. 1:19-cr-00345-JPH-KMB.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds

---

[2] The Court further notes that *Bruen*'s Second Amendment holding did not address 922(g) in any way, nor did it indicate whether its holding would retroactively apply to cases on collateral review.

that Petitioner has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 1/4/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LARRY PATTON
17594-028
CANAAN – USP
Inmate Mail/Parcels
P.O. BOX 300
WAYMART, PA 18472